UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA GALARZA, Individually,
and her spouse, FARAEL GALARZA

Plaintiffs,                                                    Case No.: _____

vs.

VERNON GAMBOE ENTERPRISES, INC.
And JOHN W. HUGHES

    Defendants.

_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendants, VERNON GAMBOE ENTERPRISES,

INC. and JOHN W. HUGHES, by their undersigned attorneys, Natalie Stroud Fenner and

Franklin & Prokopik, P.C., pursuant to 28 U.S.C. § 1441 *et. seq.*, file this Notice of Removal of

this action from the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida,

in which it is now pending, to the United States District Court for the Middle District of Florida,

and in support thereof respectfully avers as follows:

### Basis for Removal

1.    Defendants VERNON GAMBOE ENTERPRISES, INC. (hereinafter "VGI") and

JOHN W. HUGHES (hereinafter "Hughes") have been named as Defendants in a lawsuit filed in

the Circuit Court for Polk County, Florida, Case No.: 11-CA-006117. The lawsuit was originally

filed on December 12, 2011.

2.    At the time of service of the complaint on these Defendants, the complaint

minimally alleged that the amount in controversy exceeded the state jurisdictional amount of

$15,000 and there was no other information available to the Defendants to ascertain whether the controversy met the jurisdictional amount of $75,000 to remove the case to federal court.

3.     Defendants now seek to remove this action to this Court under Title 28 U.S.C. §1441 et. seq..

4.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendants in state court are attached hereto as **Composite Exhibit 1.**

5.     This matter is within the original jurisdiction of United States District Court based on Diversity of Citizenship under 28 U.S.C. § 1332(a) as more particularly described below.

6.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)((3) and (c) in that is being filed by Defendant VGI and by Defendant Hughes within thirty days after receipt of an other paper from which it may first be ascertained that the case is one which is or had become removable; and, it is filed less than 1 year after the commencement of the action.

### Venue

7.     The United States District Court for the Middle District of Florida, Tampa Division, is a proper venue for this matter because the original action was filed in the Circuit Court for the Tenth Judicial Circuit, in and for Polk County, Florida, 28 U.S.C. § 1441(a), and Polk County, Florida is within the Tampa Division of this Court.  Local Rule 1.02(b)(4).

### Basis for Diversity of Citizenship Jurisdiction

8.     Defendants are entitled to removal because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

9.     Plaintiffs, Lisa Galarza and Farael Galarza, are citizens and residents of Lakeland, Polk County, Florida. (See **Composite Exhibit 1**, Complaint ¶ 2).

10.    Defendant Hughes is a resident and  citizen of Nicholas, Jessamine County, Kentucky. (See Composite Exhibit 1, Complaint ¶ 4).

11.    Defendant VGI is a foreign corporation organized under the laws of Kentucky with its principal place of business in Versailles, Kentucky. (See Composite Exhibit 1, Complaint ¶ 3).

12.    While pursuant to State law practice, the complaint minimally alleges damages in excess of $15,000, the amount in controversy in this matter exceeds the $75,000 jurisdictional threshold.  This is based on discovery materials served on August 17, 2012 as defined in 28 U.S.C. § 1446(c)(3) and Plaintiff's pre-suit demand letter, the combination of which establishes that the amount of past and future economic and non-economic damages is in excess of this court's jurisdictional amount.    (See Composite Exhibit 2, Summary of Discovery and Settlement Demand Damages, Plaintiffs Answers to Interrogatories, Plaintiff's Responses to Document Requests and Plaintiffs' Pre-Suit Settlement Demand Letter).    Specifically, the summary of damages calculated upon review of Plaintiffs' August 17, 2012 discovery responses, along with Plaintiff's pre-suit demand letter, shows that the amount in controversy is at least $104,733.52.

13.    Moreover, Plaintiff's Answers to Interrogatories strongly suggest that she is purposefully refusing to definitively disclose the amount in controversy to avoid the jurisdiction of this court.  Plaintiff was specifically asked the following:

> **INTERROGATORY NO. 26**:  Will you contend at the trial of this case that the damages you have incurred as a result of the incident complained of in the complaint, including both economic and non-economic (pain and suffering) damages exceed the monetary amount of $75,000.00 (Seventy-Five Thousand Dollars)?
>
> **ANSWER**:  Objection, calls for speculation.  It is undetermined at this time what evidence Plaintiff intends to present to establish the damages incurred to Plaintiffs

in the past or to establish damages to be incurred in the future as the result of the incident in the Complaint. Without waiving this objection, based upon the evidence obtained by Plaintiff's counsel, Plaintiff's damages exceed $15,000, however, the total amount of damages have not yet been calculated. Discovery is on-going. Until discovery is concluded, Plaintiff cannot truthfully admit or deny the total amount of damages she intends to seek.

(See Composite **Exhibit 2**, Plaintiff's Answer to Interrogatory No. 26). This appears to be Plaintiff's willful attempt to conceal the total amount of damages she will seek until after the 1 year deadline for removal. This Interrogatory Answer, however, contradicts the information contained in Plaintiffs' pre-suit settlement demand letter[1], in which Plaintiff claims that a medical doctor will opine that future medical expenses will be at least $61,635.92.

14.    "Defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 755 (11th Cir. 2010). Indeed, a "[p]re-suit demand letter may be used to 'supplement' other evidence of the amount in controversy." Diaz v. Big Lot Stores, Inc., 2010 WL 6793850 (M.D. Fla.)(citing Golden v. Dodge-Markam Co., 1 F.Supp.2d 1350 (M.D. Fla 1998). In assessing the amount in controversy, it is appropriate for this court to consider, as is present here, the Plaintiff's refusal to stipulate or admit that she is not seeking  damages in excess of the requisite jurisdictional amount. Id. at 3, citing Devore v. Howmedica Osteonics Corp., 658 F.Supp.2d 1360, 1380 ((M.D. Fla. 2009). In consideration of the analysis of the recently served discovery responses and Plaintiff's pre-suit settlement demand letter, coupled with the Plaintiff's refusal to respond to a properly framed interrogatory directed to the issue of jurisdiction, it is evident that this matter is one in which this Honorable Court has original jurisdiction as provided for by 28 U.S.C. §1441(a) because the amount in controversy exceeds the jurisdictional amount of the court.

---

[1] Defendants reasonably concluded that this matter was not immediately removable when the case was initially filed and that the Pre-Suit Settlement Demand Letter alone would not constitute an "other paper" in this circuit. Accordingly, discovery was commenced to explore the jurisdictional issues. See Armstrong v. Sears, Roebuck and Co., 2009 WL 4015563 (M.D. Fla.) and the cases cited therein.

15.    Based on the foregoing, and because this Court has original jurisdiction as to Plaintiffs' claims, this matter may properly be removed to this Court.

16.    A true and accurate copy of the Notice of Removal is being concurrently filed with the Clerk of the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, as is required by 28 U.S.C. § 1446(d).  Written notice of the filing of this Notice of Removal is also being concurrently served on Plaintiffs' counsel.

WHEREFORE, Defendants, VERNON GAMBOE ENTERPRISES, INC. and JOHN W. HUGHES respectfully request that the above-entitled action be removed from the Circuit Court for Polk County, Florida to the United States District Court for the Middle District of Florida.

Natalie Stroud Fenner
Trial Counsel
Florida Bar No.: 164607
Franklin & Prokopik, P.C.
10150 Highland Manor Drive, Suite 200
Tampa, FL 33610
Phone:          (813) 314-2179
Email:          nfenner@fandpnet.com

*Attorney for Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **17th** day of September, 2012, a copy of the foregoing was furnished via U.S. Mail and by e-mail (primary: mail@milesandparrish.com; and secondary: tparrish@milesandparrish.com) to Todd N. Parrish, Esquire, Miles & Parrish, P.A., 4305 Highland Park Blvd, Lakeland, FL  33813-1671.

Natalie Stroud Fenner
Florida Bar No.: 164607
Franklin & Prokopik, P.C.