IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

LISA GALARZA, individually,
and her spouse, FARAEL GALARZA,

   Plaintiffs,

v.

VERNON GAMBOE ENTERPRISES, INC.
and JOHN W. HUGHES, individually,

   Defendants.
_____/

CASE NO.: 53-2011 CA-000117-0000-00

SECTION: SEC: 01

## COMPLAINT

Plaintiffs, LISA GALARZA, individually, and her spouse, FARAEL GALARZA, through their undersigned attorney, hereby sue Defendants, VERNON GAMBOE ENTERPRISES, INC. and JOHN W. HUGHES, individually, and allege:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action for damages which exceed $15,000.00.

2. Plaintiffs, LISA GALARZA, individually, and her spouse, FARAEL GALARZA, are residents of Lakeland, Polk County, Florida.

3. Defendant, VERNON GAMBOE ENTERPRISES, INC. (hereinafter "VERNON GAMBOE"), with its principal place of business at 5499 Keene-Versailles, Versailles, KY 40383, and at all times material hereto was doing business in Polk County, Florida.

4. Defendant, JOHN W. HUGHES, is a resident of Nicholas, Jessamine County, Kentucky and was an employee of VERNON GAMBOE at all times material hereto.

5. On or about November 13, 2009, Defendant, VERNON GAMBOE, owned a motor vehicle which was operated with its consent by Defendant, JOHN W. HUGHES, in or near Lakeland, Polk County, Florida.

6. At that time and place, Defendant, JOHN W. HUGHES, an employee of VERNON GAMBOE, negligently operated, controlled or maintained the vehicle so that it collided with the motor vehicle owned and operated by Plaintiff, LISA GALARZA.

7. All conditions precedent to this cause of action have occurred, been performed, or have been waived.

## COUNT I

### NEGLIGENCE CLAIM OF LISA GALARZA AGAINST VERNON GAMBOE ENTERPRISES, INC.

8. Plaintiffs reallege paragraphs 1 through 7 as though fully set forth herein

9. On or about November 13, 2009, Plaintiff, LISA GALARZA, was the owner and operator of a 2008 Pontiac-Pont. motor vehicle. As both parties herein proceeded southbound on South Florida Avenue, they came to a red traffic signal. Plaintiff, LISA GALARZA, brought her vehicle to a complete stop. Defendant, JOHN W. HUGHES, then pulled his 2008 Peterbuilt semi-tractor trailer so close to the rear of Plaintiff's vehicle that she was no longer visible in front of him. As you are aware, Florida law places an affirmative obligation on commercial drivers to maintain a clear field of vision as to all surrounding traffic, especially that directly in front of them. As the

light turned green, Defendant, JOHN W. HUGHES, failed to allow the traffic in front of him to clear before he began plowing his truck forward. The massive truck nearly ran Plaintiff, LISA GALARZA's, vehicle over as he repeatedly rammed her vehicle from the rear.

10. At that time and place, Defendant, VERNON GAMBOE, was negligent in the following respects:

    a. Defendant failed to observe due care and precaution, failing to maintain proper control of the motor vehicle;

    b. Defendant failed to keep a proper lookout for other vehicles lawfully traveling upon the roadway; and

    c. Defendant failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing.

11. Each of the acts of negligence on the part of Defendant, VERNON GAMBOE, was a direct and proximate cause of the collision with Plaintiff, LISA GALARZA's motor vehicle.

12. As a result of the aforesaid negligence and carelessness of Defendant, VERNON GAMBOE, Plaintiff, LISA GALARZA, has suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, aggravation of a previously existing condition, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff, LISA GALARZA, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff, LISA GALARZA, has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

WHEREFORE, Plaintiff, LISA GALARZA, demands judgment against Defendant, VERNON GAMBOE ENTERPRISES, INC, for compensatory damages, interest and costs of this proceeding.

## COUNT II

### VICARIOUS LIABILITY AGAINST
### VERNON GAMBOEE ENTERPRISES, INC

13. Plaintiffs reallege paragraphs 1 through 7 and 9 through 12 as though fully set forth herein.

14. On or about November 13, 2009, and at all times material hereto, Defendant, VERNON GAMBOE, employed Defendant, JOHN W. HUGHES, and was vicariously liable, under the *respondeat superior* doctrine, for negligent acts or omissions by its employee while in the course of employment.

WHEREFORE, Plaintiff, LISA GALARZA, demands judgment against Defendant, VERNON GAMBOEE ENTERPRISES, INC, for compensatory damages, interest and costs of this proceeding.

## COUNT III

### NEGLIGENCE CLAIM OF LISA GALARZA
### AGAINST JOHN W. HUGHES

15. Plaintiffs reallege paragraphs 1 through 7 as though fully set forth herein.

16. On or about November 13, 2009, Plaintiff, LISA GALARZA, was the owner and operator of a 2008 Pontiac-Pont. motor vehicle. As both parties herein proceeded southbound on

South Florida Avenue, they came to a red traffic signal. Plaintiff, LISA GALARZA, brought her vehicle to a complete stop. Defendant, JOHN W. HUGHES, then pulled his 2008 Peterbuilt semi-tractor trailer so close to the rear of Plaintiff's vehicle that she was no longer visible in front of him. As you are aware, Florida law places an affirmative obligation on commercial drivers to maintain a clear field of vision as to all surrounding traffic, especially that directly in front of them. As the light turned green, Defendant, JOHN W. HUGHES, failed to allow the traffic in front of him to clear before he began plowing his truck forward. The massive truck nearly ran Plaintiff, LISA GALARZA's, vehicle over as he repeatedly rammed her vehicle from the rear.

17.  At that time and place, Defendant, JOHN W. HUGHES, was negligent in the following respects:

   a. Defendant failed to observe due care and precaution, failing to maintain proper control of the motor vehicle;

   b. Defendant failed to keep a proper lookout for other vehicles lawfully traveling upon the roadway; and

   c. Defendant failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing.

18.  Each of the acts of negligence on the part of Defendant, JOHN W. HUGHES, was a direct and proximate cause of the collision with Plaintiff, LISA GALARZA's motor vehicle

19.  As a result of the aforesaid negligence and carelessness of Defendant, JOHN W. HUGHES, Plaintiff, LISA GALARZA, has suffered bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, aggravation of a previously existing condition, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff, LISA GALARZA, will suffer the losses in the future. Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff, LISA GALARZA, has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

**WHEREFORE**, Plaintiff, LISA GALARZA, demands judgment against Defendant, JOHN W. HUGHES, for compensatory damages, interest and costs of this proceeding.

## COUNT IV

### CONSORTIUM CLAIM OF FARAEL GALARZA AGAINST VERNON GAMBOE ENTERPRISES, INC.

20. Plaintiff, FARAEL GALARZA, realleges paragraphs 1 through 7, 9 through 12, and 14 as though fully set forth herein.

21. At all times material hereto, FARAEL GALARZA was and is the spouse of Plaintiff, LISA GALARZA.

22. Plaintiff, FARAEL GALARZA, as a direct and proximate result of the negligence of Defendant, VERNON GAMBOE, has suffered and will continue to suffer the loss of his wife's services, comfort, society and attention.

**WHEREFORE**, Plaintiff, FARAEL GALARZA, demands judgment against Defendant, VERNON GAMBOE ENTERPRISES, INC., for compensatory damages, interest and costs of this proceeding.

## COUNT V

### CONSORTIUM CLAIM OF FARAEL GALARZA AGAINST JOHN W. HUGHES

23. Plaintiff, FARAEL GALARZA, realleges paragraphs 1 through 7 and 16 through 19 as though fully set forth herein.

23. At all times material hereto, FARAEL GALARZA was and is the spouse of Plaintiff, LISA GALARZA.

24. Plaintiff, FARAEL GALARZA, as a direct and proximate result of the negligence of Defendant, JOHN W. HUGHES has suffered and will continue to suffer the loss of his wife's services, comfort, society and attention.

**WHEREFORE**, Plaintiff, FARAEL GALARZA, demands judgment against Defendant, JOHN W. HUGHES, for compensatory damages, interest and costs of this proceeding.

### DEMAND FOR JURY TRIAL

Plaintiffs, LISA GALARZA, individually, and her spouse, FARAEL GALARZA, demand a trial by jury on all issues so triable.

DATED this **9th** day of **December**, 2011.

SMITH, FEDDELER, SMITH & MILES, P.A.

_____
Todd N. Parrish, Esquire
Post Office Drawer 1089
Lakeland, Florida 33802
863/688-7766
Florida Bar No. 0041828
*Attorney for PlaintiffS*

Page -7-